1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE DISTRICT OF ARIZONA
8
9    Willie Crockett, Jr.,                    )    CV-05-4060-PHX-JAT (LOA)
                                              )
10              Petitioner,                   )    **REPORT AND RECOMMENDATION**
                                              )
11   vs.                                      )
                                              )
12   Warden Frigo, et al.,                    )
                                              )
13              Respondents.                  )
                                              )
14   _____     )

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person in

16   State Custody pursuant to 28 U.S.C. § 2254.  (docket #1)  On July 3, 2006, Respondents filed

17   an Answer to the Petition (docket # 17) to which Petitioner has not replied and the time in which

18   to do so has passed.

19                          **<u>BACKGROUND</u>**

20          On December 19, 1997, a Maricopa County Grand Jury indicted Petitioner with

21   aggravated assault, a class 3 dangerous felony.  (Respondents' Exh. A[1]) After a jury trial,[2] on

22   August 19, 1998, Petitioner was convicted as charged. (Respondents' Exhs. B-J) On October

23   19, 1998, the trial court sentenced Petitioner to an aggravated prison term of 12 years and

24   ordered him to pay restitution to the victim.  (Respondents' Exhs. K, L)

25

26   _____

27      [1]  Citations to "Respondents' Exh." are to the corrected exhibits in docket # 20.

28      [2]  The Honorable Ruth H. Hilliard presided.

On October 26, 1998, Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32.  (Respondents' Exh. M[3]) The trial court appointed counsel who moved to withdraw the notice of post-conviction relief "without prejudice to filing at a later date" because Petitioner mistakenly thought he needed to file the notice before his direct appeal concluded.  (Respondents' Exhs. N, O)  The trial court granted counsel's motion.  (Respondents' Exh. P)

Petitioner sought direct review of his conviction in the Arizona Court of Appeals.  On September 16, 1999, the Arizona Court of Appeals denied relief.  (Respondents' Exh. T)  Petitioner sought review in the Arizona Supreme Court which was denied on March 3, 2000.  (Respondents' Exh. W-Y) There is no evidence that Petitioner petitioned the United States Supreme Court for a writ of certiorari.

In the meantime, on November 10, 1999, Petitioner filed a notice of post-conviction relief.  (Respondents' Exh. Z) The trial court appointed counsel who notified the court that he was "unable to find any claims for relief to raise in post-conviction relief proceedings." (Respondents' Exh. AA-CC) Counsel did not file a petition and neither did Petitioner even though the Court had granted him permission to do so.

On May 24, 2000, Petitioner filed a pleading in the Maricopa County Superior Court entitled "Special Action Petition or Petition for Writ of Habeas Corpus" which the court construed as a petition for post-conviction relief.  (Respondents' Exhs. DD, EE) On June 4, 2001, the trial court denied relief on procedural and substantive grounds.  (Respondents' Exh. GG) Petitioner did not seek review in the Arizona Court of Appeals.  (Respondents' Exh. RR)

On November 9, 2001, Petitioner filed a Motion for Clarification of Restitution Order with the trial court.  (Respondents' Exh. HH) The Superior Court docket reflects that the court has not yet ruled on that motion.

---

[3]  In their Answer, Respondents calculate the filing date of Petitioner's *pro se* pleadings by applying the prison mailbox rule pursuant to which the document is deemed filed on the date on which the inmate signed and delivered the document to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-71 (1988). The prison mail box rule favors Petitioner.  The Court will likewise use the mailbox rule in this Report and Recommendation for the sake of consistency.

On November 12, 2003, Petitioner filed a second notice of post-conviction relief. (Respondents' Exh. II) On December 15, 2003, the trial court dismissed the notice pursuant to Ariz.R.Crim.P. 32.2(a) because Petitioner's claims "either were or should have been raised in the direct appeal or the first Rule 32 proceeding."  (Respondents' Exh. JJ[4])

On September 20, 2004, Petitioner filed two pleadings in the Arizona Court of Appeals asserting claims under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  (Respondents' Exh. LL) The Arizona court of Appeals rejected Petitioner's claim.  (Respondents' Exh. MM)

On September 19, 2005, Petitioner filed a Petition for Special Action in the Arizona Court of Appeals.  On September 28, 2005, the Arizona Court of Appeals declined to accept jurisdiction over the special action.  (Respondents' Exhs. OO-RR)

On December 2, 2005, Petitioner filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents assert the Court should dismiss the petition as untimely.  Petitioner has not responded and the time in which to do so has expired.

## <u>STATUTE OF LIMITATIONS</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") limits the time period for filing a petition for writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).

**I. Commencement of Statute of Limitations**

State prisoners must file their federal habeas petitions within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, or other dates not pertinent to this matter. 28 U.S.C. § 2244(d)(1)(A), (D); <u>Day v. McDonough</u>, ___ U.S.___, 126 S.Ct. 1675, 1677(2006); <u>Evans v. Chavis</u>,

---

[4]  It is not clear whether Petitioner sought review in the Arizona Court of Appeals of the trial court's dismissal of his November 12, 2003 notice of post-conviction review.  Respondents advise the Court that while they could not locate a petition for review, the Arizona Court of Appeals issued an order directing the trial court's clerk to transmit the record on appeal (Respondents' Exh. KK) and Petitioner subsequently filed a motion for status (Respondents' Exh. NN) in the appellate court inquiring about his petition for review.   As discussed below, this ambiguity in the record does not affect the Court's analysis regarding the timeliness of Petitioner's § 2254 petition because Petitioner's second notice of post-conviction relief was filed with the trial court after the expiration of the one-year limitations period for filing a federal petition for writ of habeas corpus.  Therefore, the dates regarding any appellate rulings on the second notice of post-conviction relief are irrelevant.

1    ___U.S.___, 126 S.Ct. 846, 848-49 (2006).  Here, Petitioner's judgment of guilt became final

2    on or about June 3, 2000— ninety days after March 3, 2000 — the date on which the Arizona

3    Supreme Court denied direct review.  (Respondents' Exh. Y); 28 U.S.C. § 2244(d)(1)(stating

4    that the limitations period runs from the expiration of the time for seeking review); Bowen v.

5    Roe, 188 F.3d 1157, 1159 (9th Cir. 1999)(period of "direct review" in 28 U.S.C. § 2244(d)(1)(A)

6    includes the period within which a petitioner can file a petition for a writ of certiorari from the

7    United States Supreme Court.); United States Supreme Court Rule 13.1 (establishing that a

8    certiorari petition seeking review of a judgment of a lower state court is timely when it is filed

9    within 90 days of the entry of the order denying discretionary review); Clay v. United States,

10   537 U.S. 522, 527-28 n. 3 (2003)(reaffirming that, in the post-conviction context, a judgment

11   of conviction is final when "this Court affirms a conviction on the merits on direct review or

12   denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")

13

14        The commencement of the statute of limitations extended beyond June 3, 2000 (the

15   date on which Petitioner's conviction became final) in this case because before Petitioner's

16   judgment of conviction became final, Petitioner filed a notice of post-conviction relief on May

17   24, 2000 which was still pending on June 3, 2000 and, therefore, tolled the limitations period.

18   Isley v. Arizona Dept. of Corrections, 383 F.3d 1054, 1055-56 (9th Cir. 2004)(holding that the

19   filing of a notice of post-conviction relief tolls the AEDPA's statute of limitations.)

20   **II.  Tolling of the Limitations Period**

21        **A.  Pendency of Petition for Review Pursuant to Ariz. R. Crim. P. 32**

22        Pursuant to the AEDPA, the one-year limitations period is tolled during the time that

23   a "properly filed application for State post-conviction or other collateral review with respect to

24   the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)(emphasis added); Stevens

25   v. Hickman, No. C99-4316-CW(PR), 2000 WL 1092242, * 1(N.D. Cal. 2000)(quoting Nino v.

26   Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is

27   pending in State court for "all the time during which a state prisoner is attempting, through

28

1  proper use of state court procedures, to exhaust state remedies with regard to particular post-

2  conviction proceedings.")

3          As previously stated, the statute of limitations was tolled until June 4, 2001, the date

4  on which the trial court dismissed Petitioner's first petition for post-conviction relief.[5]

5  (Respondents' Exh. GG) Petitioner did not seek appellate review of the dismissal of his first

6  petition for post-conviction relief.  Accordingly, the AEDPA statute of limitations commenced

7  on June 4, 2001 and expired on June 4, 2002.

8          Petitioner, however, did not file his § 2254 petition until December 2, 2005, over

9  three years after the statute of limitations expired.   Therefore, the § 2254 petition is untimely

10  and should be dismissed unless Petitioner establishes a basis for equitable tolling.

11          The Court notes that before the limitations period expired, Petitioner filed a Motion

12  for Clarification of the trial court's restitution order. However, that motion does not constitute

13  a "properly filed application for State post-conviction or other collateral review" under §

14  2244(d)(2).  Accordingly, that motion did not toll the limitations period which expired on June

15  4, 2002.

16          After the limitations period expired, Petitioner filed a second notice of post-

17  conviction relief on November 12, 2003.  Because the limitations period expired on June 4,

18  2002, Petitioner's November 12, 2003 notice of post-conviction relief did not toll the statute of

19  limitations.   Once the AEDPA limitations period expires, the filing of a petition for post-

20  conviction relief in state court does not restart the statute of limitations. Ferguson v. Palmateer,

21  321 F.3d 820, 823 (9th Cir. 2003); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001)(stating

22  that state post-conviction relief action, filed after the statute of limitations had expired, "did not

23  cause the statute to begin running anew when the state court denied the motion."); Jackson v.

24  _____

25          [5]  Although Petitioner filed two other notices of post-conviction relief before he commenced
26  the May 24, 2000 post-conviction proceedings, for purposes of this Report and Recommendation only
    the Court refers to the post-conviction proceedings commenced on May 24, 2000 as Petitioner's first
27  *petition* for post-conviction relief, because in the October 26, 1998 and November 10, 1999
    proceedings, Petitioner only filed *notices* of post-conviction relief, but never filed supporting petitions
28  for review.

1  Dormire, 180 F.3d 919, 920 (8th Cir. 1999)(holding that § 2244(d)(2) did not apply where

2  petitioner whose conviction became final prior to the effective date of AEDPA, filed post-

3  conviction motion after the limitations period expired.).  Thus, Petitioner's pending petition is

4  untimely and the Court need not reach the merits of Petitioner's claims unless he establishes a

5  basis for equitable tolling.

6        **B. Equitable Tolling**

7        The Ninth Circuit recognizes that § 2244(d)'s limitations period may be equitably

8  tolled because it is a statute of limitations, not a jurisdictional bar.  Calderon v. United States

9  District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*

10  *by* Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(*en banc*).

11  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it

12  impossible to file a petition on time."  Calderon (Beeler), 128 F.3d at 1288 (citation omitted).

13  Petitioner bears the burden of establishing extraordinary circumstances warranting equitable

14  tolling.  Smith v. Duncan, 297 F.3d 809, 814-14 (9th Cir. 2002).

15        A petitioner seeking equitable tolling must establish two elements: "(1) that he has

16  been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his

17  way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Here, Petitioner fails to assert any

18  extraordinary circumstance warranting equitable tolling.  Nor does Petitioner demonstrate that

19  he acted with reasonable diligence throughout the period he seeks to toll.  Warren v. Garvin,

20  219 F.3d 111,113 (2nd Cir. 2000); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94

21  (1990)(stating that principles of equitable tolling do not extend to what is at best a "garden

22  variety claim of excusable neglect.")

23        Moreover, Petitioner's status as an inmate, lack of legal knowledge, and lack of legal

24  assistance do not constitute cause to excuse his untimely filing.  Raspberry v. Garcia, 448 F.3d

25  1150, 1154 (9th Cir. 2006)(holding that a "pro se petitioner's lack of legal sophistication is not,

26  by itself, an extraordinary circumstance warranting equitable tolling.");  Marsh v. Soares, 223

27  F.3d 1217, 1220 (10th Cir. 2000)(stating that fact that an inmate law clerk was assisting does not

28  relieve petitioner from personal responsibility of complying with the law); Hughes v. Idaho

1    <u>State Board of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a pro se prisoner's

2    illiteracy was insufficient to satisfy the standard of an objective, external factor amounting to

3    "cause" for purposes of avoiding the procedural bar on his habeas claim); <u>Tacho v. Martinez</u>,

4    862 F.2d 1376, 1381 (9th Cir. 1988)(finding that reliance upon allegedly incompetent jailhouse

5    lawyers did not constitute "cause"). In summary, equitable tolling is not appropriate in this

6    case. Because Petitioner's § 2254 petition is untimely and he fails to establish either a statutory

7    or equitable basis for tolling the statute of limitations, the undersigned recommends dismissing

8    the Petition.

9          Accordingly,

10         IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

11    Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (docket # 1) be **DISMISSED.**

12         This recommendation is not an order that is immediately appealable to the Ninth

13    Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

14    Appellate Procedure, should not be filed until entry of the District Court's judgment. The

15    parties shall have ten days from the date of service of a copy of this recommendation within

16    which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72,

17    6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which

18    to file a response to the objections. Failure timely to file objections to the Magistrate Judge's

19    Report and Recommendation may result in the acceptance of the Report and Recommendation

20    by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114,

21    1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the

22    Magistrate Judge will be considered a waiver of a party's right to appellate review of the

23    findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

24    recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

25         DATED this 16th day of August, 2006.

26

27

28

                             Lawrence O. Anderson
                             United States Magistrate Judge