**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Willie Crockett, Jr., | ) | No. CV 05-4060-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Warden Frigo, et atl., | ) | |
| Respondents. | ) | |

On December 13, 2005, Petitioner filed the currently pending Petition for Writ of Habeas Corpus (Doc. #1). On August 16, 2006, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied because it was barred by the statute of limitations. (Doc. #21). Petitioner filed objections to the R&R (Doc. #22).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Because Petitioner did not contest any findings or recommendations set forth in the R&R, the Court will adopt and accept the R&R in its

1  entirety.[1]  This Court agrees with the conclusions of the R&R and accepts the
2  recommendation that habeas relief be denied on the entire petition because it is barred by the
3  statute of limitations.

4  As noted in the R&R, Petitioner's conviction became final June 3, 2000, ninety days
5  following the denial of direct review by the Arizona Supreme Court.  However, the statute
6  of limitations was tolled from June 4, 2000 through June 4, 2001 based on Petitioner's filing
7  of post-conviction relief.  Accordingly, the Anti-Terrorism and Effective Death Penalty Act's
8  ("AEDPA") one year statute of limitations commenced on June 5, 2001 and expired on June
9  4, 2002.  The pending habeas petition was not filed until December 13, 2005.

10 In his objections, Petitioner attempts to overcome the one year statutory bar by linking
11 the pending habeas petition to a June 30, 2005 Superior Court filing of a Motion for
12 Correction of Error.[2]  However, once the AEDPA limitations period expires, the filing of a
13 petition for post conviction relief does not restart the statute of limitations.  *Ferguson v.*
14 *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.
15 2001)(stating that state post-conviction relief action, filed after the statute of limitations had
16 expired, "did not cause the statute to begin running anew when the state court denied the
17 motion."); *Jackson v. Domire*, 180 F.3d 919, 920 (8th Cir. 1999)(holding that § 2244(d)(2)
18 did not apply where petitioner whose conviction became final prior to the effective date of
19 AEDPA, filed post conviction motion after limitations period expired.).  Furthermore,
20 Petitioner asserts no legitimate basis for statutory or equitable tolling during the period
21 between June 5, 2001, the date in which the statutory period commenced,  and June 4, 2002,
22 the date in which the statutory period expired.  Thus, Petitioner's pending habeas petition is

---

[1] Acceptance of the R&R is done except to the extent that the Court corrects certain dates in this order.

[2] The Court has not located this motion.  However, for purposes of this ruling, the Court will give the Petitioner the benefit of the doubt that the motion was filed June 30, 2005.

1 untimely and this Court therefore cannot reach the merits of the 1998 decision of the State
2 Court.
3     **Based on the foregoing,**
4     **IT IS ORDERED** that the Report and Recommendation (Doc. #21) is accepted and
5 adopted as specified above; the Petition for Writ of Habeas Corpus is denied, with prejudice,
6 and the Clerk of the Court shall enter judgment accordingly.
7     DATED this 15th day of March, 2007.

James A. Teilborg
United States District Judge